# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GORDONNA MARIE WALKER,**

        **Plaintiff,**

**-vs-**                                                          **Case No. 6:09-cv-562-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for social security disability benefits. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

### *PROCEDURAL HISTORY*

Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income payments, alleging an onset date of April 15, 2002 (R. 57, 103). The applications were denied administratively, and Plaintiff requested and received a hearing before the Administrative Law Judge (herein "the ALJ"). On November 17, 2008, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled (R.10-31). On January 30, 2009, the Appeals Council denied Plaintiff's request for review (R. 5-8), making the ALJ's decision the final decision of the Commissioner.

Plaintiff brings the instant action for review and has consented to the jurisdiction of the United States Magistrate Judge. The matter has been fully briefed and is now ripe for resolution pursuant to §§ 205(g), 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3).

## NATURE OF CLAIMED DISABILITY

Plaintiff alleged that she could not perform any substantial gainful activity beginning on April 15, 2002, due to arthritis, pain in her neck and low back, bilateral knee pain, hypertension, diabetes mellitus, chronic obstructive pulmonary disease, obesity, and depression (R. 57, 64-72, 73-80, 89-102, 114-20).

### *Summary of Evidence before the ALJ*

Plaintiff was born on February 21, 1954 (R. 57), making her 54 years old as of the date of the administrative decision. She has obtained a general equivalency diploma and completed some college course work (R. 57, 339), and reported past relevant work experience as a cashier and front desk office worker (R. 65, 81).

The medical record for the applicable time period is set forth in detail in the decision and, in the interests of privacy and brevity, will not be repeated here except as necessary to address Plaintiff's specific objections. After detailing the medical and testimonial evidence of record, the ALJ found that Plaintiff had the impairments of polyarthritis with a history of rheumatoid arthritis; bilateral knee pain (left greater than right); hypertension; diabetes mellitus (poorly controlled); hypothyroidism[1] (controlled with medication); cervical degenerative joint disease; a history of chronic obstructive pulmonary disease; a history of congestive heart failure; morbid obesity, and tobacco abuse, all of which were severe impairments, but not severe enough either singly or in combination to meet an impairment in the Listings (R. 18-29). The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work (R. 24-29). Citing to the testimony of the Vocational Expert, the ALJ determined that Plaintiff's past relevant work as a general clerk and store

---

[1] In some places, her condition is referred to as hyperthyroidism; however, it is clear from the medical records that her condition is hypothyroidism. The difference is immaterial here because her thyroid condition is not disabling.

cashier did not require the performance of work-related activities precluded by her RFC, and that Plaintiff was capable of returning to this work (R. 29-30). As such, the ALJ determined that Plaintiff was not under a disability.

## *STANDARD OF REVIEW*

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## *ISSUES AND ANALYSIS*

Plaintiff asserts that the administrative decision is in error in that: 1) the ALJ and the Appeals Council did not apply the correct legal standards with respect to evaluation of Plaintiff's medication

-3-

side effects; 2) the ALJ did not consider the side effects in combination with her physical limitations; and 3) the ALJ failed to properly evaluate Plaintiff's allegations of pain.

The ALJ has a duty to elicit testimony and make findings regarding the effect of prescribed medications upon the ability to work, *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981), and the Commissioner's regulations require that in making a determination of disability the ALJ must consider the type, dosage, effectiveness and side effects of any medications. 20 C.F.R. § 404.1529(c)(3)(iv). Moreover, the ALJ must make specific and well-articulated findings as to the effect of the combination of impairments when determining whether an individual is disabled. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). Here, Plaintiff contends that the Commissioner failed to evaluate record evidence of side effects due to her medications (issue one) and failed to consider whether these side effects in combination with her physical limitations rendered her disabled (issue two). The Court finds that the ALJ properly considered Plaintiff's allegations of side effects in determining that she was not under a disability.

Plaintiff points to her disability reports to the agency in which she listed side effects of grogginess, clumsiness, tiredness, disorientation and stomach problems (R. 66) as well as dry mouth, headaches, elevated heart rate, and cough (R. 94). Plaintiff also points to Pharmacy Information Sheets in the record, for the proposition that these sheets "show side effects that Ms. Walker experiences" with respect to her medications (Doc. No. 19 at 6-7). Plaintiff contends that neither the ALJ nor the Appeals Council considered the side effects of Plaintiff's medications on her ability to work. The record shows, however, that the ALJ explicitly noted his obligation to consider the side effects of Plaintiff's medications (R. 26) and, in fact, did so. As Plaintiff admits in her brief, the decision makes reference to a list of medications prescribed for Plaintiff (R. 20), references some medications by name in other portions of the decision, and notes Plaintiff's reports that her blood

-4-

pressure medication makes her dizzy and causes headaches (R. 27). Although not presented explicitly as a side effect of medications, the decision also notes Plaintiff's complaints of lack of energy, shortness of breath, and fatigue, and reviewed these symptoms in the context of the pain standard (discussed below). It is clear that side effects were not ignored by the ALJ and the proper standard was applied.

Although Plaintiff submitted Pharmacy Information Sheets for many of her medications with side effects underlined, this is not evidence that Plaintiff experienced any of these possible side effects to a disabling degree. The record does not show that these claimed side effects were severe or pervasive, nor that these effects caused any limitations on her ability to work. Indeed, the record shows that Plaintiff was inconsistent in her claims of side effects. In a disability report dated November 2, 2005, Plaintiff identified no side effects to the nine medications listed (R. 64). In a pain report six days later, Plaintiff described side effects of "grogginess, clumsy, tired, sometimes a little disoriented, moodiness, some stomach problems." (R. 66). While she listed several side effects in the March 2006 report (R. 94), she noted only drowsiness as a side effect in June 2006 (R. 96, 101). In an unsigned disability report dated September 24, 2007, side effects to the listed medications were listed as "none." (R. 118). The medical records are also mixed. While Plaintiff reported to the consultative examiner that she had headaches and fatigue in January 2006 (R. 142-43), she denied chest pain, shortness of breath, headaches, neck pain or weakness to the emergency room physician in June 13, 2008, when she presented for dental pain (R. 242-44). Despite her occasional reports of symptoms to her physicians and the consultative examiner, no physician has opined that she is disabled or even significantly vocationally restricted due to these alleged side effects. There is also record evidence that Plaintiff was non-compliant with her medications (R. 262, 272, 96). While Plaintiff may well have good reasons for her non-compliance, you cannot be disabled from side

effects of medications you are not taking. Substantial evidence supports the implicit conclusion that Plaintiff's alleged side effects were not "disabling," as alleged (Doc. No. 19 at 12).

To the extent Plaintiff claims of side effects include non-exertional limitations, the ALJ discussed these within the context of the Eleventh Circuit's pain standard. *See Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the Eleventh Circuit's three-part "pain standard":

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote*, 67 F.3d at 1560, *quoting Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). Pain alone can be disabling, even when its existence is unsupported by objective evidence, *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992), although an individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A). Where an ALJ decides not to credit a claimant's testimony about pain or other limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. As a matter of law, the failure to articulate the reasons

for discrediting subjective pain testimony requires that the testimony be accepted as true. *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

Here, the ALJ noted Plaintiff's complaints of fatigue and pain, but determined that while the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, Plaintiff's statements concerning the limiting effects of those symptoms were not entirely credible (R. 28). This finding is supported by substantial evidence. The objective medical evidence includes normal x-rays in 2005 of the cervical spine (R. 134), and the right hip (R. 133), with only mild degenerative changes in the cervical spine evident by 2007 (R. 215). The ALJ noted the findings of the consultative physician who examined Plaintiff twice and opined that Plaintiff could do light work (R. 27-29, 141-148; 226-230). The treatment notes of Plaintiff's physicians, including emergency room physicians, show occasional symptomology mostly without corresponding physical abnormalities noted on examination or objective testing. *See, e.g.*, December 2007 hospital emergency room treatment notes indicating "general malaise" with "no focal findings for her myalgias" (R. 254-56); CT scan of the brain, indicated by Plaintiff's complaints of cephalgia and high blood pressure history, was unremarkable (R. 183) and her chest x ray, indicated by her headaches and weakness, was clear (R. 182). The ALJ also reviewed the opinions from Dr. Rees and Dr. Bancks, the non-examining state agency physicians, who indicated that Plaintiff could perform light work (R. 163-70, 202-09). The ALJ also noted the "fairly broad range" of Plaintiff's activities of daily living (R. 29), which she reported as including driving, shopping, meal preparation, and household chores (R. 236), as well as "yard sales, visiting, lunching, spending time with mother and father" (R. 77). The ALJ's finding with respect to Plaintiff's non-exertional limitations is supported by substantial evidence and was made in accordance with proper legal standards.

In an attempt to circumvent this result, Plaintiff contends that "the ALJ mistakenly thought that Ms. Walker claims to be disabled from all work" when she was actually claiming that her pain limited her ability to sit for extended periods, stand for extended periods, and to use her hands. Doc. No. 19 at 14. Plaintiff then argues that the ALJ applied a standard "above and beyond the three-part pain standard" (*Id.* at 16) and as Plaintiff "satisfied the pain standard" a "finding of disability was warranted." It thus seems that Plaintiff is contending that because she is *not* claiming to be disabled from all work, a finding that she is not disabled from all work somehow warrants remand to consider whether she was disabled from only *some* work. The Court rejects such a unique and illogical contention.

The law defines disability as the inability to do **any** substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do her previous work, **or any other** substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511 (emphasis added). Thus, if Plaintiff is not claiming to be disabled from all work, as a matter of law, she cannot meet the definition of disability.

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she

is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f).

The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Here, the ALJ determined this matter at the fourth step – finding that Plaintiff could return to her past relevant work. Thus, at all times relevant, it was Plaintiff's burden to establish the existence of a disability that precluded her ability to perform her past relevant work. *See Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991). The ALJ determined that she had not met that burden and substantial evidence supports that finding. As such, the decision must be affirmed.

## *CONCLUSION*

The decision of the Commissioner was supported by substantial evidence and was made in accordance with proper legal standards. As such, it is **AFFIRMED.** The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Orlando, Florida on April 20, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record